## Stephen F. SNOW, Plaintiff—Appellant,

v.

## A.A. LAMARQUE; et al., Defendants—Appellees.

### No. 02–16763.

### D.C. No. CV–01–00969–CRB.

United States Court of Appeals, Ninth Circuit.

Submitted Sept. 8, 2003.*

Decided Sept. 15, 2003.

---

Stephen F. Snow, pro se, Represa, CA, for Plaintiff–Appellant.

Linda Pancho, San Francisco, CA, Sara Turner, Esq., AGCA–Office of the California Attorney General, San Francisco, CA, for Defendants–Appellees.

Before PREGERSON, THOMAS, and PAEZ, Circuit Judges.

## MEMORANDUM **

Stephen Snow, a California state prisoner, appeals pro se the district court's summary judgment order dismissing his 42 U.S.C. § 1983 action alleging that prison officials violated his rights under the Equal Protection and Due Process clauses of the Fourteenth Amendment by segregating him and other white prisoners during two modified lockdowns that followed inmate stabbings. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review de novo the district court's grant of summary judgment, *Lopez v. Smith*, 203 F.3d 1122, 1131 (9th Cir.2000) (en banc), and we affirm.

The district court properly granted summary judgment as to Snow's equal protection claim because he offered no evidence that the modified lockdowns were undertaken for a discriminatory purpose and were not reasonably related to legitimate penological interests. *See Johnson v. Cal-*

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

*ifornia,* 321 F.3d 791, 798–99 (9th Cir. 2003) (applying *Turner v. Safley,* 482 U.S. 78, 107 S.Ct. 2254, 96 L.Ed.2d 64 (1987), to equal protection claims).

The district court properly granted summary judgment as to Snow's due process claim because a prisoner is not entitled to a hearing before being placed on lockdown during a prison emergency, and Snow failed to raise a genuine issue of fact as to whether a state of emergency existed. *See Hayward v. Procunier,* 629 F.2d 599, 601–03 (9th Cir.1980). Snow's contention that his continued segregation violated his constitutional rights fails because a two-week modified lockdown does not implicate a protected liberty interest under *Sandin v. Conner,* 515 U.S. 472, 115 S.Ct. 2293, 132 L.Ed.2d 418 (1995); such confinement does not impose an "atypical and significant hardship on [Snow] in relation to the ordinary incidents of prison life." *Id.* at 484, 115 S.Ct. 2293.

To the extent Snow alleged an Eighth Amendment violation based on denial of access to the prison yard during the modified lockdowns, the district court properly concluded such a claim is foreclosed by *Hayward. See* 629 F.2d at 603.

To the extent Snow alleged that the lockdowns also interfered with his access to the prison law library, his claim is foreclosed by *Lewis v. Casey,* 518 U.S. 343, 361–62, 116 S.Ct. 2174, 135 L.Ed.2d 606 (1996).

AFFIRMED.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2). Accordingly, Auer's request for oral argument is denied.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.